**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date: December 1, 2006**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Grant Hanson

---

**Criminal Case No.  04-cr-00087-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Robert Mydans |
| | Patricia Davies |
| v. | |
| SARAH HUME, | Stan Marks |
|        Defendant. | |

---

**SENTENCING MINUTES - SUPERVISED PROBATION**

---

**11:07 a.m.    Court in session.**

The Defendant is present in Court (on bond).

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of  her punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statements to the court by the defendant.

Statements to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Downward Departure Pursuant to 5K1.1, [#37] filed November 14, 2006, is **granted**.

3. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count One of the Information.

4. That pursuant to the Sentencing Reform Act of 1984, and the provisions of 18 U.S.C. §§ 3561 and 3562, it is the judgment and sentence of this court that the defendant, Sarah Hume, is now placed on supervised probation for a term of **two (2) years**, during which time the defendant shall be subject to the jurisdiction of the court and the probation department.

5. That while on supervised probation, the defendant shall comply with all mandatory conditions of supervised probation, prescribed by law at 18 U.S.C. §3563(a) and USSG §5B1.3(a).

6. That while on supervised probation, the defendant shall comply with all

        standard conditions of supervised probation imposed by this court in all such and similar cases and circumstances.

7. That while on supervised probation, the defendant shall comply with the following explicit or special conditions of supervised release:

- that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where she may be during the term of her supervised probation;

- that the defendant shall not possess or use illegally any controlled substances;

- that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of her DNA;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of her probation officer unless the defendant is in compliance with any periodic payment, obligation schedule imposed by this court;

- that the defendant shall be placed on home detention for a period of **six (6) months** to commence within twenty-one (21) days of sentencing; provided furthermore, that during this period the defendant shall remain in or at her place of residence at all times other than times spent at work or on other activities approved in advance by her probation officer;

- that the term of home detention shall be enforced and monitored by electronic monitoring; provided furthermore, that to permit and facilitate the electronic monitoring during this term of home detention, the defendant shall maintain a telephone at her place of residence free of special services , modems, answering machines, and cordless telephones;

- that the defendant shall wear all electronic monitoring devices and comply and satisfy all other procedures specified by her probation officer;

      • that the defendant shall pay the cost of electronic monitoring as directed by the probation officer; and

      • that the defendant shall pay all fines, fees, and assessments as ordered by the court.

8. That the defendant shall pay a fine in the amount of $2,000.00, in equal installments of not less than $125.00 per month during the term of probation, provided furthermore, that interest on such fine is waived.

9. That the defendant shall pay forthwith a special victim's fund assessment of $100.00.

10. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are waived.

11. That immediately following the conclusion of this sentencing hearing, the defendant shall report in person to Probation Officer, Grant Hanson, to schedule an appointment and time to read, review, discuss, and sign the conditions of supervised probation now required and ordered by this court.

The Defendant waives formal advisement of appeal.

**11:40 a.m.    Court in recess.**

*Total in court time:    00: 43 minutes - Hearing concluded*